SUPREME COURT. New York General Term, December, 1860. *Clerke*, *Sutherland* and *Barnard*, Justices.

HONEYWELL .VINCENT, plaintiff in error, *v*. THE PEOPLE, defendants in error.

Form of an indictment for forgery in the first degree, charged to have been committed after a previous conviction for a felony.

In an indictment for forging a certificate of acknowledgment of a mortgage, it is necessary to allege that the officer, whose act it purports to be, was duly authorized to make such certificate; and the omission to make such allegation is not supplied by setting forth the certificate *in hæc verba*, if the venue or name of the county is omitted in the certificate, it appearing by the signature that the certificate purported to have been made by a commissioner of deeds.

When the authority of the officer depends on locality, it must appear that he acted within the territorial limit prescribed by the statute; and if this does not appear upon the face of the certificate, its being set forth in the indictment will not supply the omission of a general allegation of authority.

THIS case came up on writ of error to the New York General Sessions. By the return, it appeared that in June, 1860, the following indictment ·was found against the plaintiff in error in that court:

*City and County of New York, ss:*

The jurors of the People of the State of New York, in and for the body of the city and county of New York, upon their oath present, that heretofore, to wit, at a Court of General Sessions of the Peace, holden in the city of New York, in and for the city and county of New York, on the 10th day of July, in the year of our Lord one thousand eight hundred and forty-eight, before the Honorable JOHN B. SCOTT, recorder of the city of New York, and THOMAS K. DOWNING and DENNIS CAROLIN, Esqrs., aldermen of the said city, justices of the said court, assigned to keep the peace of the said city and county of New York, Honeywell Vincent, otherwise called Henry Vincent, was, in due form of law, tried and convicted of felony, to wit, of obtaining goods by false pretenses, upon a certain indictment then and there depending against the said

Vincent v. The People.

Honeywell Vincent, otherwise called Henry Vincent, and Alexander G. Coxe, and Ephraim Maynard, for that the said Honeywell Vincent, otherwise called Henry Vincent, Alexander G. Coxe, and Ephraim Maynard, being persons of evil disposition, ill name and fame, and of dishonest conversation, and devising and intending, by unlawful ways and means, to obtain and get into their hands and possession the moneys, valuable things and effects of the honest and good people of the State of New York, to maintain their idle and profligate course of life, on the seventh day of March, in the year of our Lord one thousand eight hundred and forty-seven, at the second ward of the city of New York, in the county aforesaid, with intent feloniously to cheat and defraud Andrew J. Berrian and Archibald J. Brown, did then and there, feloniously, unlawfully, knowingly, and designedly, falsely pretend and represent to the said Andrew J. Berrian and Archibald J. Brown that a certain bond and mortgage, which they, the said Alexander G. Coxe, Honeywell Vincent, otherwise called Henry Vincent, and Ephraim Maynard, then and there exhibited and delivered to the said Andrew J. Berrian and Archibald J. Brown, were true instruments, made and executed by Ephraim Maynard to H. Vincent, for a full and valuable consideration; that said mortgage was upon eight lots of ground, situate and lying upon Louisa street, and two lots of ground upon Columbia street, in the city of Utica, located upon points designated upon a certain map which the said Coxe, Vincent, and Maynard, then and there exhibited to the said Andrew J. Berrian and Archibald J. Brown, and that said property was worth twelve hundred dollars over and above the amount of the said mortgage, and that said property was owned by the said Ephraim Maynard, and that the said Alexander G. Coxe was the agent of the said Vincent; and the said Andrew J. Berrian and Archibald J. Brown, then and there, believing the said false pretenses and representations so made, as aforesaid, by the said Alexander G. Coxe, Honeywell Vincent, otherwise called Henry Vincent, and Ephraim Maynard, and being deceived thereby, were induced, by reason of the false

pretenses and representations so made, as aforesaid, to deliver, and did then and there deliver to the said Coxe, Vincent, and Maynard, three hundred gold pens, and three hundred pencils, of the value of seven hundred and fifty dollars, of the proper moneys, valuable things, goods, chattels, personal property, and effects of the said Andrew J. Berrian and Archibald J. Brown, and the said Coxe, Vincent, and Maynard did then and there designedly receive and obtain the said goods and merchandise, of the said Andrew J. Berrian and Archibald J. Brown, of the proper moneys, valuable things, goods, chattels, personal property, and the effects of the said Berrian and Brown, by means of the false pretenses and representations aforesaid, and with intent, feloniously, to cheat and defraud the said Berrian and Brown of the said goods and merchandise. Whereas, in truth, and in fact, the said bond and mortgage were utterly false and fictitious instruments; that the said Maynard did not own any such property in the city of Utica, and the said bond and mortgage were not made and executed for a full and valuable consideration, or any consideration whatever; and, whereas, in truth, and in fact, the said Alexander G. Coxe was not the agent of said Vincent; and, whereas, the said bond and mortgage were, and are, in all respects, utterly worthless, false, and fictitious; and, whereas, in fact, and in truth, the pretenses and representations so made, as aforesaid, by the said Alexander G. Coxe, Honeywell Vincent, otherwise called Henry Vincent, and Ephraim Maynard, to the said Andrew J. Berrian and Archibald J. Brown, was, and were, in all respects, utterly false and untrue, to wit: on the day and year last aforesaid, at the ward, city, and county aforesaid; and, whereas, in truth, and in fact, the said Coxe, Vincent, and Maynard, well knew the said pretenses and representations, so by them made, as aforesaid, to the said Berrian and Brown, to be utterly false and untrue, at the time of making the same, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And, therefore, it was considered by the said court there,

Vincent *v.* The People.

that the said Honeywell Vincent, otherwise called Henry Vincent, should be imprisoned in the State prison, at Sing Sing, for the term of two years, as by the record thereof doth more fully appear. •

And the jurors aforesaid, now here sworn, upon their oath, aforesaid, do further present, that the said Honeywell Vincent, otherwise called Henry Vincent, having been so convicted of felony, to wit, of obtaining goods by means of false pretenses, and having been duly discharged and remitted of such judgment and conviction, afterward, to wit, on the first day of May, in the year of our Lord one thousand eight hundred and sixty, at the first ward of the city of New York, in the county of New York, aforesaid, with force and arms, feloniously did forge and counterfeit, and falsely alter, and cause and procure to be forged and counterfeited, and falsely altered, and willingly act and assist in the forging and counterfeiting and falsely altering, a certain instrument and writing, *commonly called a certificate*, the same being a certificate of the acknowledgment, by one Sarah J. Lyon, of a certain mortgage, the said mortgage being an instrument which, by law, might be recorded, which said false, forged, and counterfeited certificate is in the words and figures following, that is to say:

" *State of New York,* —— *County, ss:*

On the first day of May, in the year one thousand eight hundred and sixty, before me, the subscriber, appeared Sarah J. Lyon, to me personally known to be the same person described in, and who executed the within instrument, and acknowledged that she executed the same.

ABRM. W. KENNEDY, *Commissioner of Deeds.*"

*Which said false, forged, and counterfeited certificate, was indorsed on the said mortgage*, which is in the words and figures following, that is to say:

This indenture, made the first day of May, in the year one thousand eight hundred and sixty, between Sarah J. Lyon, of the city, county, and State of New York, of the first part, and H. Vincent, of said city, party of the second part, wit-

nesseth: that the said party of the first part, in consideration of the sum of one thousand dollars, to her duly paid, hath sold, and by these presents doth grant and convey to the said party of the second part, all my right, title, and interest in and to a certain parcel or piece of land, lying, being, and situate in the city of New York, and located on the westerly side of the Seventh avenue, in the Twelfth ward of said city; the said property consisting of two lots of ground, measuring twenty-five feet front and rear, by one hundred feet each in depth, known and distinguished on a certain map, entitled a "map of Harlem Heights," and now on file in the hall of records, in said city, aforesaid, with the appurtenances, and all the estate, title, and interest of the said party of the first part therein. This grant is intended as a security for the payment of one thousand dollars, which payment, if duly made, will render this conveyance void.

In witness whereof, the said party of the first part hath hereunto set her hand and seal, the day and year first above written.

SARAH J. LYON. [L. S.]

Sealed and delivered in )
   the presence of   )
      ABR'M W. KENNEDY.

*With intent to injure and defraud* one Edward R. Robinson, and divers other persons, to the jurors aforesaid unknown, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

N. J. WATERBURY, *District Attorney.*

On the trial the prisoner was found guilty of forgery in the first degree, and was sentenced accordingly.

*Sidney H. Stuart,* for the plaintiff in error.

This indictment is bad, and the verdict of the jury and judgment of the court ought to be reversed, because,

*First.* The indictment fails to describe the offense charged in the language of the statute, or to state all the circumstances constituting the statutory definition of the crime alleged. The

statute describes the offense of which the prisoner was con-
victed, in the following words: "Whoever shall forge," &c.,
"any certificate or indorsement of the acknowledgment, by
any person, of any deed or other instrument, which by law
may be recorded, made, or purporting to have been made, by
any officer duly authorized to make such certificate or indorse-
ment, shall be guilty of," &c. (3 *R. S., 5th ed.,* 949.)

The indictment describes the offense of which the prisoner
was convicted, in the following words: "That the defendant
feloniously did forge, &c., a certain instrument and writing,
commonly called a certificate, the same being a certificate of
the acknowledgment, by one Sarah J. Lyon, of a certain mort-
gage, the said mortgage being an instrument which, by law,
might be recorded; which said false, forged and counterfeit
certificate is in the words following," &c.

The fault of the indictment in this particular is the omission
of the statutory words, "purporting to have been made by an
officer duly authorized to make such certificate."

The omitted words are part of the statutory description
of the offense, and their absence is fatal to the validity of
the indictment. "A verdict does nothing more than verify the
fact charged in the indictment." (*State* v. *Godfrey,* 24 *Maine
R.,* 232.)

"An indictment founded upon a statute must charge all the
facts and circumstances which constitute the statute offense,
so as to bring the accused perfectly within the statute." (*The
People* v. *Allen,* 5 *Denio R.,* 76.)

"Indictments upon statutes, particularly those of a highly
penal character, must state all the circumstances which consti-
tute the definition of the offense in the statute, so as to bring
the defendant judicially within it. It must be clear and cer-
tain to every intent and purpose, and must follow the language
employed in the statute in the description of the offense." (*Ike*
v. *State,* 23 *Miss. R.,* 525.)

All statutory indictments for felonies must state the offense
in the language (or its equivalent) of the statute, creating or
declaring against the crime. (*State* v. *Noel,* 9 *Blackf. R.,* 548;

*Howell* v. *Commonwealth,* 5 *Grat. R.,* 664; *State* v. *Brougham, Blackf. R.,* 307; *State* v. *O'Brien,* 1 *Bailey,* 144; *Hamilton* v. *Commonwealth,* 3 *Penn. R.,* 142; *State* v. *Foster,* 3 *Mason,* 442; *State* v. *Fleetwood,* 14 *Maine R.,* 448; *Commonwealth* v. *Tucker,* 20 *Pick. R.,* 356; *Hampton's Case,* 3 *Grat. R.*)

*Second.* The indictment does not aver that the mortgage, upon which the certificate of acknowledgment was indorsed, was ever delivered, or in any other manner executed in fact. Without execution by delivery, the mortgage could no more have a legal existence (being a conveyance of real property), than could a deed under like circumstances; and any certificate of the character of the one in this case, indorsed upon an unexecuted mortgage, can have no lawful operation or legal effect to the end intended, and is, therefore, without that legal existence necessary to make it the subject of a forgery.

*Third.* The indictment, while charging the certificate to be a forged certificate of acknowledgment, &c., presents it as a true certificate of acknowledgment, &c.

These are the words of the charging part of the indictment: "That the defendant, with force and arms, feloniously did forge, &c., a certain instrument in writing, commonly called a certificate; the same (not purporting to be, but) being a certificate of the acknowledgment, by one Sarah J. Lyon, of a certain mortgage, the said · mortgage being an instrument which, by law, might be recorded," &c.

The charging allegation is, that the prisoner forged the "certificate;" but the "descriptive averment" — that part of the indictment which states the facts that constitute the character of the instrument, and which must control — presents it as the true certificate of the acknowledgment, by Sarah J. Lyon, of the execution of a certain mortgage, &c. There is in this, at least, an incongruity fatal to the indictment.

*Fifth.* The indictment does not charge the defendant with the statutory offense of the forgery of a certificate, but with the forgery of "a certain instrument and writing, commonly called a certificate, the same being a certificate of the acknowledgment," &c.

The case of *Rex* v. *Craven* (2 *East P. C.*, 601, 602), (with several analogous decisions, both in this country and England, confirmatory of the law pronounced in that case), shows, in another aspect, that the description of the instrument in this case does not fulfill the requirements of the statute. Craven was indicted under the English statute, which declares the stealing of any "bank note" to be a larceny, and the indictment charged that he stole a certain "note, commonly called a bank note." The twelve judges on the case reserved held this to be an imperfect description, and said that the words, "commonly called a bank note," did not remedy the original insufficient description of the instrument.

So here the words, "commonly called a certificate of acknowledgment," &c., cannot remedy an original imperfect description. See same authorities as those to first point.

*Sixth.* The face of the certificate shows no venue or place of its execution, or in and for what county or city the commissioner was appointed, or had authority to take acknowledgments of the execution of deeds and mortgages; nor are these defects, or any of them, cured by any averments of such extrinsic facts as became necessary to be proved to supply the imperfections of the certificate.

The statute provides that "no commissioner of deeds shall take any acknowledgment of the execution of any conveyance out of the city or county in and for which he was appointed." (3 *R. S.*, 5*th ed.*, 46.)

"An affidavit without a venue is a nullity, although sworn before a commissioner of deeds whose residence is mentioned in the jurat. It must indicate the county in which it was taken, or it will be void." (*Cook* v. *Staats*, 18 *Barb. R.*, 407.)

"The venue is an essential part of an affidavit." (1 *Barb. Ch.*, *p.* 601.)

"An affidavit without a venue, taken before a commissioner of deeds whose residence is not mentioned, is a nullity." (6 *How. Pr. R.*, 394.)

"An affidavit of one county as a venue, sworn before an officer in another county, having authority to take affidavits

in his county, cannot be read." (2 *How. Pr. R.*, 86, 127, ·181.)

Is there any reason why the rule, applicable to affidavits before·commissioners, should not obtain in relation to acknow- ledgments before commissioners? Is not the one as important in the conveying of rights, as the other is in obtaining them? Why should not the caution and certainty of both be equal? Perjury could not be predicated of the one; why should forgery of the other?

It is confidently submitted, that this certificate would not be valid if true.

"An instrument, to be the subject of an indictment for forgery, must be valid, if genuine, for the purpose for which it is made." (*People* v. *Harrison*, 8 *Barb. R.*, 568, *with authorities there cited.*)

*Seventh.* The indictment does not allege that the defendant forged the "certificate" with an intent to cheat and defraud.

The act upon which the intent to defraud is predicated, is the indorsing of the certificate upon the mortgage, after the forgery of it was complete.

From a careful reading of the indictment, it is clear that the intent to defraud is not made to relate to the act of forging the certificate, but to the act of indorsing it upon the mortgage, after it was fabricated.

The indictment treats the certificate as an independent and substantive instrument, entirely distinct from the mortgage, until connected with it by an averment that it was indorsed thereon; "which certificate (then already forged) was in- dorsed upon the said mortgage, with intent," &c. When or by whom the indorsement was made, is not pretended.

*Eighth.* The indictment charges that this forgery was com- mitted after the defendant had been convicted and remitted of a previous felony. The verdict is: "Guilty of forgery in the first degree."

This verdict is not responsive to the charge in the indict- ment, which is forgery in the first degree as a second offense.

A verdict must respond to the charge supposed in the

indictment, or to one or more of the counts of the indictment, otherwise it will be set aside.

*John H. Anthon*, for the defendants in error.

There is no bill of exceptions in this case, nor any complete record. All questions raised by the prisoner must therefore appear on the face of the indictment or the entry of judgment, which only are before the court.

I. The question therefore is, whether, upon any supposable proof, testimony or state of facts, the judgment pronounced could have been given upon the indictment returned; the presumption after verdict being that the testimony supported it, and proved everything that could be proved under the indictment. (1 *Greenl. Ev.*, § 19; *Grah. Pr., art.*, "*Motion in arr.;*" *Thompson* v. *People*, 3 *Park. Cr. R.*, 208; *Waller* v. *State*, 4 *Ark. R.*, 37; *Sweetapple* v. *Jesse*, 5 *Barn. & Ald.*, 27; *Barb. Cr. Law*, 372; *People* v. *Holmes*, *MS., June Term*, 1861; *Reg.* v. *Waters*, 2 *Bent. & Heard*, 69.)

II. The omission of the words, "purporting to have been made by an officer duly authorized to make such certificate," is wholly immaterial, and the mode of stating the forgery, as a "certificate" instead of "a false certificate," or a "paper purporting to be a certificate," is correct. (*People* v. *Rynders*, 12 *Wend. R.*, 427; *Thompson* v. *People*, 3 *Park. Cr. R.*, 208; *State* v. *Fenley*, 18 *Miss. R.*, 445; *State* v. *Gardner*, 1 *Iredell*, 27; *People* v. *Badgley*, 16 *Wend. R.*, 53; *People* v. *Stearns*, 21 *Id.*, 409; *People* v. *Warner*, 4 *Barb. R.*, 314; *Charles* v. *People*, 1 *Comst. R.*, 180; *Whart. Prec. of Ind.*, 264; *Lyons' Case*, 2 *Leach*, 597, 608.) In all these cases, except the last, the indictments were identical in these respects with that under consideration, and the doctrine held is, that "it is sufficient to allege that the defendant forged an instrument setting it out in *hœc verba*, with intent to defraud."

III. The same cases are conclusive upon the question raised by the fifth point for the defendant, "a certain instrument and writing commonly called a certificate, the same being a certifi-

cate, etc.," followed by the instrument in *hæc verba*, is a good description.

In Craven's case, cited for the defense:

*a.* The note was not set out in *hæc verba*.

*b.* The omission was of the word " promissory " or " bank," which were needed to show that the paper was the subject of larceny.

*c.* The words, " the same being," were omitted.

IV. No averment of the delivery of the mortgage was necessary, especially upon an indictment for the forgery and not the uttering. The delivery was merely evidence of fraudulent intent, and, as such, need not be alleged. It is sufficient if the court see that the instrument might be so used as to defraud. (*People* v. *Stearns,* 21 *Wend. R.,* 409.)

V. In general, the rule is, that no more certainty is essential in an indictment, than will apprise the defendant of the precise charge against him. (*People* v. *Powers,* 3 *Seld. R.,* 50; *People* v. *Tredway,* 3 *Barb. R.,* 470; *Biggs* v. *People,* 8 *Id.,* 547; 5 *Wend. R.,* 10; *People* v. *Taylor,* 3 *Denio R.,* 91; *Buller* v. *People,* 4 *Id.,* 68.)

VI. If the certificate, in the form in which it appears in the indictment with the omission in the venue, would be void, then the conviction must be sustained because:

*a.* The court must intend that the indictment and verdict were supported by appropriate proof (see cases under point I), and that the forgery charged consisted in the very act of making a certificate, originally complete, assume this appearance, that is, by a material erasure; and,

*b.* Such charge would be well stated by an indorsement, alleging the forgery of the entire instrument as it appeared after the erasure. (*Arch. Cr. Pl.,* 428; *Rex* v. *Teague,* 2 *East R.,* 978, 979; *Rex* v. *Atkinson,* 3 *Car. & Payne,* 699; *Whar. Cr. Pl.,* 428; 1 *Iredell,* 24; *Ib.,* 13; *Ib.,* 491; *Case of J. B. Holmes,* cited above; *State* v. *Flye,* 26 *Maine R.,* 312.)

VII. If the omission in the venue of the certificate originally existed, it could have been supplied by parol proof that the acknowledgment was in fact taken in the place for which

the commissioner was appointed, and the court must intend that it was so supplied, and that the forgery charged consisted of some other material erasure or alteration. (*People* v. *Tredway*, 3 *Barb. R.*, 470; *Jackson* v. *Gumaer*, 2 *Cow. R.*, 552.) In the last case the name of the State was omitted. (*R.* v. *Birkett*, *Russ. and Ry.*, 86.)

VIII. If the certificate as it appears in the indictment is a valid certificate, then the conviction must of course be sustained.

IX. The statute does not require any place of execution to be noted on the certificate. The only law on the subject prohibits a commissioner from actually taking an acknowledgment out of the place of his appointment. It is directory merely, and does not make the instrument void, and instruments not complying with directory statutes, are subjects of forgery. (*Lynch* v. *Livingston*, 2 *Seld. R.*, 422; *Bishop Cr. Law*, § 443; *Barb. Cr. Law*, § 117; *Roscoe's Cr. Ev.*, § 291; *R.* v. *Lyon*, *Russ. and Ryan*, 255; 2 *Russ. on Cr.*, 350, *and cases cited; People* v. *Rathbone*, 21 *Wend. R.*, 509.)

X. The intent to defraud is well stated, and must, by any reasonable construction of the language, be referred to the forgery as well as to the contemporaneous and identical act of indorsing the same forged certificate.

XI. On indictment for forgery in the first degree as a second offense, the jury can find the prisoner guilty of forgery in the first degree, and negative the previous conviction, and so they did in this case. The form of their verdict does not appear and is not called for, but the sentence is for forgery in the first degree. (*Palmer* v. *People*, 5 *Hill R.*, 427.)

*By the Court*, SUTHERLAND, J. There is no bill of exceptions in this case, nor any complete record.

The only questions in this case relate to the sufficiency of the indictment, and to the form of the verdict and consequent judgment.

The indictment, if it charges any crime, charges forgery in the first degree, after conviction of a previous felony. The

verdict and sentence were for forgery in the first degree, without noticing the alleged conviction of a previous felony. As we have nothing but the indictment and entry of judgment before us, we cannot say whether there was on the trial any proof of a previous conviction; but whether there was, or was not, the form of the verdict was well enough. Certainly the prisoner cannot complain that the jury did not take into consideration his previous conviction, if proved.

The only question in the case, then, is, whether the indictment charges the offense of forgery in the first degree.

The allegation in the indictment is, that the prisoner feloniously did forge, &c., "a certain instrument in writing, commonly called a certificate, the same being a certificate of the acknowledgment, by one Sarah J. Lyon, of a certain mortgage, the said mortgage being an instrument which, by law, might be recorded," setting forth the certificate in *hœc verba.*

The certificate, as thus set forth, purports to have been made by Abram W. Kennedy, commissioner of deeds, but it has no venue, that is, the acknowledgment which it certifies does not by it purport to have been taken in any particular county or city of the State, and there is nothing on its face to show of what county or city Kennedy was a commissioner. The certificate commences,

" *State of New York,*    *County, ss :* "

The name of the county being omitted, otherwise it is in the usual form.

The statute (3 *R. S.,* 5*th ed.,* 949), declares the forging, &c., of "any certificate or indorsement of the acknowledgment, by any person, of any deed or other instrument which, by law, may be recorded, *made, or purporting* to have been made, by any officer *duly authorized* to make such certificate or indorsement," forgery in the first degree.

The indictment in this case does not allege that the certificate was made, or (in words) that it purports to have been made by an officer authorized to take the acknowledgment or to make the certificate, but as the certificate is set forth in *hœc verba,* the indictment does, in effect, and sufficiently allege,

that it purports, whatever the certificate as set forth in the indictment purports. (*People* v. *Rynders*, 12 *Wend. R.*, 427; *People* v. *Stearns*, 21 *Wend. R.*, 409.)

The question, then, is whether the certificate, as thus set forth, does purport to have been made *by an officer duly authorized to make it.*

It purports to have been made by Abram W. Kennedy, as a commissioner of deeds, and a commissioner of deeds is an officer authorized to take and to certify the acknowledgment of deeds, &c.; but they are local officers, appointed for particular counties and cities, and the statute declares that a commissioner of deeds shall not take such acknowledgments out of the city or county for which he was appointed. (3 *R. S.*, 46, § 4, *5th ed.*)

The question is not whether the certificate, as set forth in the indictment, purports to have been made by a commissioner of deeds, but whether it purports to have been made by a commissioner of deeds authorized to make *it*, or to take the acknowledgment which *it* certifies. It certainly does not, for it does not purport to have been made, or that the acknowledgment was taken, in any particular county or city of the State.

The authority or jurisdiction of the officer depending on locality, it would seem to follow that the certificate, as set forth, cannot purport that Kennedy was authorized to make it, or take the acknowledgment in the absence of any venue, or of anything on its face to indicate in what county or city it was made, or the acknowledgment taken.

It has been held that an affidavit without a venue is a nullity. (*Cook* v. *Staats*, 18 *Barb. R.*, 407; *Lane & Laing* v. *Morse & Studley*, 6 *How. Pr. R.*, 395.)

No crime, then, is charged in the indictment, for there is in it no allegation, formally or otherwise, as to one of the circumstances constituting the statutory definition of the crime, to wit, the authority of the officer. (*People* v. *Allen*, 5 *Denio R.*, 76.) We cannot suppose that any possible evidence on the trial could have remedied this defect in the indictment, for no pos-

sible evidence could make the certificate, as set forth in the indictment, purport more or differently from what it does.

We are bound to presume that the evidence verified the indictment, but we have no right to presume that it verified facts or circumstances entering into the definition of the crime not alleged in the indictment.

My conclusion is, that the judgment of the General Sessions should be reversed.

Judgment reversed.

---

SUPREME COURT.   Monroe General Term, March, 1860.   *Smith,* *Johnson* and *Knox,* Justices.